UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DJOLIBA NARCISSE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EZRA D. TAFESSE, et al.,<br><br>　　　　Defendants. | Case No. 16-00682 EJD (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

　　　　Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against police officers at the Hercules Police Department ("HPD"). Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

**DISCUSSION**

**A.　Standard of Review**

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

1    upon which relief may be granted or seek monetary relief from a defendant who is immune
2    from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally
3    construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
elements: (1) that a right secured by the Constitution or laws of the United States was
violated, and (2) that the alleged violation was committed by a person acting under the
color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

    Plaintiff claims that on January 29, 2012, while being detained at the Hercules Police Department, Defendants Tafesse, Kim and Vasquez took a blood sample by force when he refused to submit to one.  (Compl. Attach. at 1-4.)  The force they employed included slamming and squeezing Plaintiff's face into a concrete wall, and punching him in the head, back, ribs and stomach.  (Id. at 3.)  Then Defendant Duff, a phlebotomist, took two blood draws by sticking a needle into Plaintiff's right arm.  (Id. at 4.)  Liberally construed, Plaintiff's allegations are sufficient to state a claim under the Fourth Amendment for an unreasonable search and seizure, see Schmerber v. California, 384 U.S. 757, 766-72 (1966); Ellis v. City of San Diego, 176 F.3d 1183, 1191-92 (9th Cir. 1999), and under the Eight Amendment for excessive force, see Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1043 (9th Cir. 1996), and denial of medical care, see Estelle v. Gamble, 429 U.S. 97, 104 (1976).

    Plaintiff also names Sergeant Eaves as a Defendant, claiming he validated Defendant Tafesse's "false" police deport for driving under the influence, and he seeks punitive damages against him.  (Compl. Attach. at 7.)  However, this claim appears to attack the validity of a conviction based on his allegation that the police report was falsified.  In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction

2

or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487. Accordingly, this claim for damages against Defendant Eaves is DISMISSED as barred by Heck. Id.

Plaintiff also names as defendants an "U[n]known Captain" and Chief of Police William Goswick, claiming that their "failure to take action to curb the physical abuse of arrestee's violated the plaintiff's rights under the Fourth and Eighth Amendment." (Compl. Attach. at 8.) A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011); Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Here, there is no allegation that the Defendants "Captain" and Goswick were personally involved in the forced blood draw or the denial of medical care thereafter. Nor is there any allegation that these Defendants were even aware of the incident such that they could have intervened, and yet failed to do so. Furthermore, under no circumstances is there respondeat superior liability under section 1983. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, the claims against these defendants are DISMISSED for failure to state a claim.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for

Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Officers Ezra D. Tafesse, J. Vasquez, and C. Kim** at the **Hercules Police Department** (111 Civic Drive, Hercules, CA 94547). The Clerk shall also mail a copy of this Order to Plaintiff.

With respect to Defendant Dianna L. Duff, Plaintiff describes her as the "Phlebotomist of CML" and states that her employment address is unknown. (Compl. at 2.) While incarcerated plaintiffs proceeding IFP may rely on service by the U.S. Marshals, see Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990), "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served). If service of the summons and complaint is not made upon a defendant in 90 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause." Fed. R. Civ. P. 4(m). Ninety days have already passed since the filing of this action on February 10, 2016. (ECF No. 1.) Accordingly, the action may be dismissed without prejudice as to Defendant Duff unless Plaintiff provides sufficient information to enable the marshal to effectuate service. Plaintiff is hereby directed to provide an address where Defendant Duff may be served **no later than twenty-eight (28) days** from the date this order is filed to avoid

4

dismissal of the claims against her under Rule 4(m).

Defendants at the Hercules Police Department are also requested to provide an address where Defendant Duff may be served, if known to them, in order to facilitate the prosecution of this action.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the

5

opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b.     **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

      4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

      Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

      5.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

      6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      7.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

      8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: 7/5/2016

_____
EDWARD J. DAVILA
United States District Judge

Order of Service
PRO-SE\EJD\CR.16\00682Narcisse_svc

7