UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DJOLIBA NARCISSE,

    Plaintiff,

v.

EZRA TAFESSE, et al.,

    Defendants.

Case No. 5:16-cv-00682-EJD

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Re: Dkt. No. 127

Plaintiff moves for reconsideration of this Court's order granting Defendants Tafesse, Vasquez, and Kim's motion for summary judgment with respect to Plaintiff's deliberate indifference claim. Plaintiff's motion will be **DENIED**.

### I. BACKGROUND

The facts remain disputed. Both parties, however, agree that on January 29, 2012, at Hercules Police Department ("HPD") a blood draw occurred after which Plaintiff was taken to the Martinez Detention Facility.

#### A. <u>Facts According to Plaintiff</u>

Plaintiff claims he was taken to the HPD booking room and then handcuffed to a bench. *See* Narcisse Decl. ¶ 45, Dkt. No. 95. About an hour later, he was ordered to sit "like a seesaw" on the bench, with his right leg, knee, arm and shoulder pressed against a concrete wall. *Id.* ¶¶ 62–63. He was put into a "lock position" by Officer Kim and was unable to move his arms. *Id.* ¶ 64. Before the blood draw, Defendants did not ask Plaintiff if he had any allergies, or blood, heart or other relevant conditions that would make a blood draw dangerous. *Id.* ¶ 67.

Next, Plaintiff alleges that Defendant Kim pushed his face and right shoulder against the

concrete wall. *Id.* ¶ 71. Defendant Kim continued to slam and squeeze Plaintiff against this wall. *Id.* ¶ 73. Defendant Tafesse then punched Plaintiff on the back of his head, back, ribs, stomach, pelvis, and hips. *Id.* ¶ 74. Defendant Vasquez next punched Plaintiff several times over the head. *Id.* ¶ 75. This resulted in Plaintiff's "nose slit" opening and several contusions to his head and body. *Id.*

Plaintiff further contends that he had an asthma attack due to the blood draw, beating, and restraint. *Id.* ¶ 80. He faded in and out of consciousness, convulsing, while repeating "in a faint voice" that he could not breathe and needed medical attention. *Id.* But, Defendants did not offer him medical attention and intentionally denied him this attention. *Id.* ¶ 81.

On January 30, 2012—the day after the attack—Plaintiff was released on bail and went to the Emergency Room of Contra Costa Hospital for medical treatment. *Id.* ¶ 104. Because of these events, Plaintiff now suffers from sleep apnea with an increase of heart disease, stroke, and hypertension. *Id.* ¶ 106.

### B. Facts According to Defendants

Defendants allege that Plaintiff was verbally abusive and repeatedly refused to sit down, despite requests, for the blood draw. *See* Tafesse Decl. ¶ 12, Dkt. No. 80. When the phlebotomist arrived, Plaintiff declined to stay seated and yelled that he would not comply. *Id.* Because of this verbal and physical noncompliance, Defendant Tafesse believed Plaintiff posed a threat of harm to himself, to officers, and to the phlebotomist. *Id.* So, Defendants Vasquez and Kim held Plaintiff to the bench to complete the blood draw. *Id.* ¶ 13. Defendants used just enough force to secure Plaintiff for the blood draw and released Plaintiff once the blood was collected. *Id.*

Plaintiff sustained a small bruise above his right eyebrow and a small cut on the bridge of his nose from being held down for the blood draw. *Id.*

### C. Procedural History

On May 31, 2018, this Court issued an order denying in part Defendants' Motion for Summary Judgment. There, the Court granted summary judgment for the deliberate indifference claim but denied summary judgment for Plaintiff's Fourth Amendment (excessive force and

Case No.: 5:16-cv-00682-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
2

unreasonable search and seizure[1]) claims.

On January 25, 2019, as required by Local Rule 7-9(a), Plaintiff moved for leave to file a motion for reconsideration. On January 29, 2019, this Court granted Plaintiff leave to file this motion due to "good cause," but only regarding the Court's grant of summary judgment to Defendants on Plaintiff's Fourteenth Amendment deliberate indifference claim. The Court now rules on Plaintiff's Motion for Reconsideration.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

Reconsideration of a final judgment, order, or proceeding is appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *See, e.g.*, *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* Fed. R. Civ. P. 60(b) (listing these, and additional, grounds for reconsideration of an order). However, absent these three things, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* Indeed, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted).

The grant of partial summary judgment is an interlocutory decision, reviewable at any time. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) (order granting partial summary judgment is interlocutory); *St. Paul Fire & Marine Ins. Co. v. F. H.*, 55 F.3d 1420, 1425 (9th Cir. 1995) (partial summary judgment is not a final judgment and is subject to reconsideration on a

---

[1] The Court denied summary judgment on the related qualified immunity issue and held that there was a genuine issue of material fact as to whether the officers were entitled qualified immunity for the alleged unreasonable search and seizure. This section of the order, however, did not discuss qualified immunity regarding the deliberate indifference claim.

Case No.: 5:16-cv-00682-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
3

1    proper motion); *see also* N.D. Cal. Civ. L.R. 7-9(a) (allowing a party to seek leave to file a motion for reconsideration only for interlocutory orders).

### B. Federal Rule of Civil Procedure 56

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the evidence in the light most favorable to the nonmovant and views any inferences drawn in the light most favorable to the nonmovant. *Brosseau v. Haugen*, 543 U.S. 194, 195 n.2 (2004). A material fact affects the outcome of the lawsuit under governing law, and a genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court does not weigh conflicting evidence or make credibility determinations regarding a material fact; that is a jury function. *Brosseau*, 543 U.S. at 195 n.2. However, a court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

The movant generally bears the initial burden of identifying portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* at 323. When the movant has the burden of proof on the issue at trial, it must affirmatively show that no reasonable trier of fact could find for the nonmovant. *See id.* at 323–25. On an issue that the movant does *not* have the burden, however, the movant must only "point out" that there is an absence of evidence to support the nonmovant's case. *Id.* at 325. If the nonmovant's opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. *Liberty Lobby*, 477 U.S. at 249–50.

Once the movant meets the initial burden of showing an absence of genuine dispute of

material fact, the nonmovant must go beyond the pleadings and by her own affidavits, or by depositions, answers to interrogatories, and admissions on file, "designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (citation and internal quotation marks omitted). If the nonmovant fails to do this, then the movant is entitled to judgment as a matter of law. *Id.* at 323.

It is not the task of the district court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). Rather, the nonmovant has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. *Id.* If the nonmovant fails to do this, the district court may properly grant summary judgment in favor of the movant. *Id.* at 1280.

### III. DISCUSSION

#### A. Reconsideration

After the motion for summary judgment was fully briefed,[2] but before this Court issued its ruling, the Ninth Circuit issued an opinion in *Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018). When this Court issued its summary judgment ruling, it applied the then-applicable subjective deliberate indifference standard set forth in *Gibson v. County of Washoe*, 290 F.3d 1175 (9th Cir. 2002). *Gordon* replaces the subjective standard with an objective one. 888 F.3d at 1124–25. Plaintiff argues that because *Gordon* was decided after the motion for summary judgment was briefed, its effect on this case was never briefed and so it constitutes an intervening change in controlling authority that warrants reconsideration. Pl. Mot. for Reconsideration ("Mot.") at 6, Dkt. 127; *see also* N.D. Cal. Civ. L.R. 7-9(b)(1) (reconsideration appropriate if a material difference in fact or law occurs after Court issues interlocutory order); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (reconsideration permissible if there has been an intervening change in controlling law).

---

[2] Defendants submitted their motion for summary judgment on November 22, 2017. Dkt. No. 79. Plaintiff requested, and received, three extensions of time; one on January 11, 2018, another on February 15, 2018, and a final on March 2, 2018. Dkt. Nos. 86, 88, 90. Plaintiff filed his opposition and response to summary judgment on April 2, 2018. Dkt. Nos. 95, 96.

Case No.: 5:16-cv-00682-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
5

*Gordon* establishes a new rule for reviewing deliberate indifference claims and thus qualifies as an intervening change of law that permits reconsideration. The analysis, however, does not end there. As Defendants note, Plaintiff fails to address two issues: (1) the fact that *Gordon* was decided *before* this Court issued its ruling and (2) relatedly, why Plaintiff did not comply with Local Rule 7-3(d)(2).

The Ninth Circuit issued *Gordon* on April 30, 2018, one month before the Court's partial summary judgment order. *Compare* Order Denying in part Motion for Summary Judgment, Dkt. 102 (issued May 31, 2018), *with Gordon*, 888 F.3d 1118 (issued April 30, 2018); *see also* Df. Opp. for Reconsideration ("Opp.") at 2. Defendant argues that Plaintiff could have used a "Statement of Recent Decision" to bring *Gordon* to the Court's attention. Opp. at 2. This rule states

> [b]efore the *noticed hearing date*, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion–without argument.

N.D. Cal. Civ. L.R. 7-3(d)(2) (emphasis added).

While Defendants make a compelling argument, there was no hearing date on record regarding the motion for summary judgment because Plaintiff was pro se. Therefore, this rule did not require Plaintiff to submit a Statement of Recent Decision to be granted a motion for reconsideration.

Defendants next contend that granting this motion for reconsideration would effectively allow Plaintiff to evade the rule against raising arguments that could have been raised earlier. While this is a component of the rule, the Ninth Circuit standard for a motion for reconsideration also contains a reasonableness determination. *See Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (noting that a motion for reconsideration "may not be used to raise arguments . . . for the first time when they could *reasonably* have been raised earlier in the litigation" (emphasis added)). While this Court's ruling was issued a month after *Gordon*, theoretically giving Plaintiff enough time to inform the Court about *Gordon*, Plaintiff was a pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (discussing the lower standard

for pro se plaintiffs, namely that they are held to "less stringent standards" with respect to pleadings). Plaintiff remained pro se until October 11, 2018, meaning he was pro se for nearly six months after *Gordon* was issued. *See* Dkt. No. 110 (order appointing counsel for Plaintiff on October 11, 2018). The Court recognizes Plaintiff's pro se status in the case and finds it reasonable to infer that he either had no knowledge about the recent *Gordon* decision or the procedures to bring the new case to the Court's attention. Accordingly, because it is reasonable to conclude that Plaintiff is not raising arguments that could have been raised earlier, this Court will reconsider the deliberate indifference claim in light of *Gordon*.

**B. Deliberate Indifference Standard After *Gordon***

Deliberate indifference to a serious medical need violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Medical care claims brought by pretrial detainees arise under the Fourteenth Amendment's Due Process Clause.[3] *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1069–70 (9th Cir. 2016). In the Ninth Circuit, "the test for deliberate indifference consists of two parts": the plaintiff must first show a "serious medical need" and then that the "defendant's response [to that need] was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104).

Formerly, the defendant's response to the "serious medical need" was assessed using a subjective standard. *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d at 1076. Plaintiff argues that because *Gordon* establishes a new four-factored, objective test to assess defendant's response, there is a genuine issue of material fact regarding whether the Defendants were deliberately indifferent to Plaintiff's serious

---

[3] As this Court noted in its partial summary judgment, Plaintiff's claims, as in *Gordon*, arise under the Due Process Clause of the Fourteenth Amendment and not the Eighth Amendment because he was an arrestee at the time of the alleged incident. *See* Order Denying in Part Motion for Summary Judgment at 14, Dkt. 102.

Case No.: 5:16-cv-00682-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
7

medical needs. Mot. at 6, Dkt. 127.

In *Gordon*, the plaintiff died while in custody following an arrest for possession of heroin. 888 F.3d at 1121. The prison officials knew the plaintiff was an addict and would be going through withdrawal. *Id.* at 1121–22. The district court granted summary judgment for the defendants because the plaintiff failed to show subjective deliberate indifference by the defendants. *Id.* at 1121. The Ninth Circuit, however, held that claims for violations of the right to adequate medical care brought by pretrial detainees under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard, as shown by the third element stated below. *Id.* at 1124–25. Now, to establish a Fourteenth Amendment deliberate indifference claim, the plaintiff must show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125.

The *Gordon* opinion focused on the requisite state of mind for a defendant's conduct. *See* 888 F.3d at 1125 (limiting itself to the district court's application of a "subjective standard" for defendant's conduct). Accordingly, this Court does not interpret *Gordon* as eliminating the requirement that plaintiffs *also* show the existence of a serious medical need.[4] Rather, *Gordon* only affects one element of the deliberate indifference standard—defendant's requisite state of mind—and so, Plaintiff still must show a serious medical need. *See* Opp. at 4; *see also Pajas v. Cty. of Monterey*, 2018 WL 5819674, at *4 (N.D. Cal. Nov. 5, 2018) (discussing *Gordon* and still requiring plaintiff to show a serious medical need).

Plaintiff addresses two subjects in his Motion for Reconsideration: the new *Gordon* four-

---

[4] The fact that the plaintiff in *Gordon* was a known heroin addict and was known to be experiencing withdraw—a serious medical need—supports this assessment.

Case No.: 5:16-cv-00682-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
8

part test and qualified immunity. Mot. at 6–8. Plaintiff, however, still has not shown that he had a serious medical need, which is his burden. Plaintiff provides only the same recitation as to his medical need as in his original opposition to summary judgment, in which he never specifically identifies a specific injury that presented a serious medical need. *See id.* at 3–5; *see also Celotex*, 477 U.S. at 322–23 (holding that summary judgment should be granted if plaintiff fails to make showing of an essential element). As noted in the earlier summary judgment order, after viewing the evidence in the light most favorable to Plaintiff, it is established that Plaintiff had visible injuries of a bruise and a cut on his face. This is insufficient evidence to show a serious medical need because the failure to treat a bruise and/or cut will not result in "further *significant* injury" or "the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (emphasis added).

Plaintiff also alleges he suffered an asthma attack but provides no detail about the seriousness of the attack. Rather, Plaintiff simply states that he suffered from an asthma attack; he never shows—as is his burden—that the alleged denial of medical attention was likely to result in further significant injury or wanton pain (for instance, his sleep apnea problems are never causally linked in this way). For example, Plaintiff alleges he went to the emergency room following his release on bail, however Plaintiff offers no documentary evidence from that visit to support his claim of a serious medical need following the blood draw. *See* Mot. at 5. Therefore, Plaintiff has not met his burden of showing a serious medical need.

Finally, while *Gordon* establishes an objective standard of deliberate indifference, the standard still requires a showing of "something akin to reckless disregard" by defendant prison officials, not just negligence. *Gordon*, 888 F.3d at 1125. Plaintiff recites the legal standard established in *Gordon* but fails to demonstrate that a reasonable prison official under the circumstances would have known about Plaintiff's need. Rather, Plaintiff meets the same obstacle as earlier, the limited visible injuries of a bruise and cut are insufficient to convey notice of an objectively serious medical need. Plaintiff further admits that he "faintly" asked for medical help, but there is no indication that the average official would have heard that request and then ignored it.

Case No.: 5:16-cv-00682-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
9

### C. Qualified Immunity

Because this Court decides this motion on the stated grounds, it will not address the qualified immunity arguments.

### IV. CONCLUSION

Plaintiff fails to plead and prove that (1) he had a serious medical need, and (2) a reasonable prison official would have known of his serious medical need and then recklessly disregarded it. Absent such evidence, Plaintiff cannot survive Defendants' motion for summary judgment regarding the deliberate indifference claim. Accordingly, having considered all the above and the new case, the Court will not disturb its previous order.

**IT IS SO ORDERED.**

Dated: September 16, 2019

EDWARD J. DAVILA
United States District Judge